UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANNY R. KAWZINSKI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:12-CV-363 JD |
| JOHN MARTIN and JILL TRUMBALL-HARRIS, | ) |
| Defendants. | ) |

OPINION AND ORDER

Danny R. Kawzinski, a *pro se* prisoner, filed a complaint alleging constitutional violations in connection with a federal criminal case. [ECF No. 1]. He sues John Martin, an attorney from the Federal Community Defenders who represented him in that case, and Jill Trumball-Harris, the Assistant United States Attorney who prosecuted him. [*Id.* at 2.] Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In screening the complaint, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Public court documents indicate that in 2009, Kawzinski pled guilty to distributing marijuana and other offenses.[1] *See United States v. Kawzinski*, No. 2:09-CR-130 (N.D. Ind. filed July 16, 2009). In September 2010, he was sentenced to an aggregate term of 36 months in prison. *Id.*, ECF No. 50. He filed a notice of appeal, but his appeal was later dismissed. *Id.*, ECF Nos. 53, 67. In August 2011, he filed a motion to vacate his convictions pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel, prosecutorial misconduct, and other grounds. *Id.*, ECF No. 69. To date, the motion remains pending. *Id.*

On September 3, 2012, Kawzinski filed the present lawsuit. [ECF No. 1.] In essence, he alleges that his public defender provided ineffective assistance in the criminal case, and further, that the prosecutor wrongfully pursued charges against him based on evidence he believes was illegally obtained by local enforcement. [*Id.* at 3-4.] He seeks monetary damages for emotional distress and compensation for the financial burdens suffered by his family as a result of his incarceration, among other relief. [*Id.* at 5.]

Because the defendants are federal employees, a cause of action against them for constitutional violations would arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Here, however, Kawzinski's claims cannot proceed. He cannot sue Martin for constitutional violations, because a public defender is not deemed to be acting under color of law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Richards v. Flynn*, 263 Fed. Appx. 496 (7th Cir. Feb. 6, 2008) (affirming

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), the court may properly look to the complaint itself, documents attached to the complaint, documents that are central to the complaint or referred to within it, and documents subject to judicial notice such as public records. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

dismissal of prisoner's *Bivens* claim against federal defender because he was not a government actor). To the extent Kawzinski is seeking an order declaring that his Sixth Amendment rights were violated in the criminal case such that he is being wrongfully imprisoned, this type of relief cannot be obtained in a civil rights action; instead he must pursue such relief in his 28 U.S.C. § 2255 motion. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Furthermore, the prosecutor cannot be sued for damages based on her decision to pursue charges against Kawzinski or to present certain evidence in support of the government's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *see also Butz v. Economou*, 438 U.S. 478, 501 (1983) (concluding that federal official enjoys same level of immunity in *Bivens* action as would a state official in a Section 1983 suit). Again, if Kawzinski is seeking a determination that his rights were violated in the criminal case such that he is being wrongfully imprisoned, he must pursue such relief in the 28 U.S.C. § 2255 proceeding. *Preiser*, 411 U.S. at 488.

To the extent there is any claim in the complaint that survives absolute prosecutorial immunity, it would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) in any event. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. The *Heck* doctrine applies equally to *Bivens* actions. *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003). Here, there is no indication from the complaint that Kawzinski's convictions have been vacated, set aside, or otherwise called into question. Instead, it is apparent that he remains

3

incarcerated on these convictions, his direct appeal was dismissed, and his motion under 28 U.S.C. § 2255 remains pending. Unless his convictions are vacated, he cannot pursue a claim for damages for wrongful prosecution.

For the reasons set forth above, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED:  September 10, 2012 

                                             /s/ JON E. DEGUILIO  
                                         Judge  
                                         United States District Court